## MATTER OF CHANG

### In Visa Petition Proceedings

### A-15361046

*Decided by Board October 24, 1966*

Where beneficiary's first marriage in Shanghai, China in 1934, by Chinese custom, was followed by a remarriage to the same person in Hong Kong in 1962 by civil ceremony celebrated under the law of Hong Kong, the Chinese mutual consent divorce entered into by the parties in 1964 is not valid to terminate the Hong Kong ceremonial marriage (terminable only by a valid judgment of divorce); therefore, a visa petition to accord beneficiary immediate relative status on the basis of his marriage to a United States citizen in 1965 is denied.

The case comes forward on appeal from the order of the District Director, New York District, dated June 7, 1966 denying the visa petition since the beneficiary failed to submit valid evidence to terminate his prior marriage.

The petitioner, a native of Puerto Rico, a citizen of the United States, 55 years old, seeks nonquota (now immediate relative) status on behalf of the beneficiary as her husband. Her husband is a native and citizen of China, 50 years old. The parties were married at New York, New York on June 17, 1965. The petitioner's prior marriage was terminated by the death of her first husband on November 3, 1961 at New York, New York.

The notice of denial contains an attachment from which it appears that the beneficiary was previously married to Chang Kiang A. Chuen by a Chinese custom marriage and not according to any Christian rite in Shanghai, China in 1934. He remarried this same person at the Registrar's Office in Hong Kong on August 24, 1962 and a certificate of this marriage was issued under Hong Kong Marriage Ordinance, section 22. As evidence of the termination of this prior marriage there was submitted a deed made December 21, 1964 between the beneficiary, then residing in New York, and the first wife, then residing in Hong Kong, reciting that whereas the parties

were married in 1934 in Shanghai and the marriage was solemnized according to Chinese custom and not according to any Christian rite, and the spouses are domiciled in Hong Kong, and whereas unhappy differences have arisen between the spouses by reason whereof they have agreed to dissolve their marriage, such marriage was dissolved by virture of a mutual divorce agreement. This instrument was signed by the husband, the beneficiary, in the presence of a notary public in New York, and was signed by the wife in the presence of a solicitor in Hong Kong. Thereafter, the beneficiary married the present petitioner on June 17, 1965.

The District Director held that since the beneficiary and his first wife were remarried at the Registrar's Office at Hong Kong, the mutual consent divorce was not valid to terminate the marriage and that only a valid judgment of divorce could terminate the same. The attachment sets forth the Marriage Ordinance (Chapter 181), Ordinances of Hong Kong, which provides that:

All parties appearing before the Registrar of Marriages shall sign a written declaration before the Registrar which he shall witness in the prescribed form. This declaration states, in part, that the parties thereto understand that the effect of publicly taking the other party as husband or wife creates between them a marriage which cannot be dissolved "during our joint lives except by a valid judgment of divorce, and that if either of us, during lifetime of the other, shall contract another marriage, while this one remains undissolved, he or she will be guilty of bigamy and will be liable to the punishment for that offense."

The regulations dealing with a petition to classify an alien as an immediate relative of a United States citizen are set forth in 8 CFR Part 204. 8 CFR 204.2(d)(2) sets forth that if a petition is submitted on behalf of a wife or husband, it must be accompanied by a certificate of marriage to the beneficiary and proof of the legal termination of all previous marriages of both husband and wife. The determination of what constitutes a legal termination of a previous marriage is in the first instance for the Service, and upon appeal, to this Board. Thus, in many instances, marriages purported to have been terminated by a Mexican "mail order" decree have been administratively found to have been not properly terminated.

It is noted that the deed of divorce by mutual consent recites that the parties were married in 1934 in China and omits any reference to the subsequent civil marriage of the parties in Hong Kong in 1962. The instrument also recites that the spouses are domiciled in Hong Kong.

Information on the situation herein was requested of the Far Eastern Law Division of the Library of Congress. The memorandum dated October 4, 1966[1] sets forth that under section 4(1) of the Divorce Ordinance of Hong Kong, the jurisdiction of the Court is contingent upon the presence of the following conditions:

(a) where the marriage was either a Christian marriage or the civil equivalent of a Christian marriage; and

(b) where the domicile of the parties to the marriage ... was in the Colony.

The use of the word "and" in place of "or" implies the absolute fulfillment of the two conditions which are not severable. This means that the Hong Kong courts may grant a divorce only where the marriage, at its inception, falls within the definition of a monogamous marriage in section 2 of the Marriage Ordinance. Clearly, a Chinese customary marriage will not be covered by this provision as a "Christian marriage" or its "civil equivalent".

While section 39(1) of the Marriage Ordinance of Hong Kong preserves customary marriages, there is room for arguing that once a "Christian marriage" or its "civil equivalent" is contracted, it is caught in the web of the Ordinance as a "marriage under this Ordinance". As such, it can be dissolved only under the Divorce Ordinance providing for dissolution upon the existence of certain grounds and jurisdictional basis. It is doubtful whether a customary form of divorce procedure, e.g., mutual agreement, is legally effective to dissolve a civil or Christian marriage.

Under the Marriage Ordinance (Chapter 181), section 22 provides for the prescribed form in which the parties "understand the effect" of the civil marriage which cannot be dissolved during their joint lives "except by a valid judgment of divorce." A "valid judgment of divorce" here must refer to a judicial decree since marriages celebrated under the Ordinance can be dissolved only according to the provisions of the Divorce Ordinance providing for judicial relief. Hence, a divorce by mutual agreement would definitely not have sufficient standing to dissolve a civil marriage under the Marriage Ordinance. In view of the above, customary marriages do not come within section 2 of the Marriage Ordinance and sections 4 and 5 of the Divorce Ordinance, providing for the jurisdictional bases of the court.

The provision that "only a valid judgment of divorce could terminate the marriage" does not state specifically which marriage is

---

[1] Prepared by Ivy Chua, Legal Assistant, Far Eastern Law Division, Library of Congress.

being referred to. Presumably, it refers to the civil marriage celebrated under the Marriage Ordinance. If sections 39(1) and (2) could be read together to mean that the first marriage is deemed to be submerged in the second, then consequently there can be only one marriage, and since the second "must not be deemed to prejudice" the first, then possibly the subsisting marriage could still be terminated by its original procedure, i.e., by mutal agreement. While tenable, it is submitted that a better view seems to be that since the parties have voluntarily undergone a second marriage procedure under the Ordinance, then it could be terminated only as provided for by the Ordinance. In any event, the customary marriage is not sufficient to establish the jurisdictional bases of the court.

The memorandum from the Library of Congress, which has been set forth in part, confirms the decision of the District Director, New York District, that the mutual consent divorce is not valid to terminate the ceremonial marriage and that only a valid judgment of divorce could terminate the same. Absent a showing that a Hong Kong court would recognize this mutual divorce agreement as effective to terminate the first marriage, it is concluded that the beneficiary's first marriage was not validly terminated and that he is not eligible for immediate relative status as the legal husband of a United States citizen. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.